NO.   93-149

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

      Plaintiff and Respondent,

   v.

WILLARD S. DEAN, JR.,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Jennifer Bordy, Berry & Bordy,
         Bozeman, Montana

      For Respondent:

         Hon. Joseph P. Mazurek, Attorney General,
         Kathy Seeley, Assistant Attorney General,
         Helena, Montana; Mike Salvagni, Gallatin
         County Attorney, Marty Lambert, Deputy
         County Attorney, Bozeman, Montana

FILED

Submitted on Briefs:   August 26, 1993

Decided:   November 30, 1993

Filed:   NOV 30 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Defendant/Appellant Willard S. Dean, Jr., appeals from several orders and a judgment of the Eighteenth Judicial District Court, **Gallatin** County, denying appellant's motion to dismiss, jury verdict for felony assault, and motion for judgment notwithstanding the verdict or new trial.

We affirm.

We determine the following issues to be dispositive:

1. Did the District Court err when it denied appellant's motion to dismiss because appellant's statement to the victim that she was lucky he was not shooting the weapon shows he did not commit an assault?

2. Did the District Court err when it instructed the jury that creating a reasonable apprehension of serious bodily injury with the use of a weapon was a felony?

The victim's boyfriend and appellant were friends and teammates, and lived near each other. Appellant met the victim in May 1992. At a party soon thereafter, the victim offered to loan appellant $285 so that he could attend a summer basketball camp in California. Soon thereafter, the victim and appellant had a sexual encounter.

The night of the assault, the victim and her boyfriend had an argument wherein she told him about her offer to loan money to appellant and about their sexual encounter. That same evening, the victim approached appellant and told him she did not want to see

him or talk to him anymore and that she would not be lending him the money. The victim then returned to her boyfriend's apartment. About an hour later, appellant went to the boyfriend's apartment, where the two men argued loudly for several minutes. In that argument, appellant accused the boyfriend of telling appellant's female roommate about another woman he was dating. The two men went to appellant's apartment wherein appellant confronted his female roommate, and she denied that the boyfriend told her about the other woman. The two men then walked toward the boyfriend's apartment while appellant told the boyfriend that the victim had been unfaithful to him with several other men. After arriving at the boyfriend's apartment, appellant yelled at the victim with his arms out, trying to intimidate her. Appellant then backed away and said that he was "pissed off" because the victim had ruined his plans to attend the basketball camp and that he was "going to pull the $285 out of [her] ass." When appellant had nearly backed out of the boyfriend's apartment, he pulled a loaded gun out of his pocket, pointed it at the victim from about fifteen feet away, and said, "[y]ou're lucky I ain't shootin'," or "[y]ou're lucky I'm not the shooting type." Then appellant put the gun down at his side and left the apartment. Both the victim and her boyfriend testified that they were frightened by appellant's actions with the gun. After approximately ten minutes, the victim and her boyfriend saw appellant driving slowly past the apartment. Thereafter, they

3

fled to her apartment where she called her parents, who in turn, called the police.

On June 8, 1992, appellant was charged by information with the crime of felony assault, in violation of § 45-5-202(2), MCA. On October 30, 1992, a jury found appellant guilty of that charge.

I.

Did the District Court err when it denied appellant's motion to dismiss because appellant's statement to the victim that she was lucky he was not shooting the weapon shows he did not commit an assault?

Appellant argues that the District Court erred when it denied appellant's motion to dismiss for failure to state a claim of felony assault. Appellant reasons that because of his statement to the victim that he was not shooting, or was not the shooting type, his mental state was not subject to question, and thus he did not commit a crime. Appellant argues that this statement constituted a conditional threat, and as a result, demonstrated that he did not have the requisite mental state to complete the crime of felony assault.

First, appellant is mistaken that his statement was a conditional threat. His statement to the victim contained no condition whatever. The victim was neither given a condition with which she could comply in order not to be shot, nor was she assured that her "luck" might not run out before appellant lowered the gun

4

and left the apartment. The victim testified that she was frightened.

Second, appellant has misinterpreted the requisite proof of mental state for felony assault. Section 45-5-202(2), MCA, provides in pertinent part:

> A person commits the offense of felony assault if he purposely or knowingly causes:
>
> . . . .
>
> (b) reasonable apprehension of serious bodily injury in another by use of a weapon . . . .

In State v. Cope (1991), 250 Mont. 387, 397, 819 P.2d 1280, 1286, we held that it is not necessary for an assailant to intend to cause apprehension when committing felony assault. In Cope, the defendant, during his arrest, picked up a pistol and began swinging it toward the arresting officer. The defendant claimed he was only trying to surrender the weapon and did not intend to cause apprehension of serious bodily injury. As a result, Cope argued, as has appellant, that he did not possess the requisite mental state for felony assault. Although the mental state issue in Cope does not involve a statement by the defendant to the victim, our reasoning in that case applies here. In Cope, we held that a person only need be aware that his conduct would probably cause that result. Cope, 819 P.2d at 1286 (relying on § 45-2-101(33), MCA). Clearly, appellant was aware that when he drew a gun and pointed it at the victim, his conduct would probably cause her

5

reasonable apprehension of serious bodily injury. Specifically, appellant was aware that the victim could reasonably have feared that she might be shot. Thus, appellant's mental state was in question and the court properly instructed the jury on this issue.

Finally, the information and affidavit in support clearly established probable cause to believe that appellant may have committed the crime of felony assault. After informing the deputy county attorney of the facts leading up to the alleged assault, the victim stated that appellant pointed a gun at her, and she was "shocked and stood there with extreme fear." The victim's statement was sufficient in itself to support the application for leave to file the information. The motion to dismiss was properly denied.

II.

Did the District Court err when it instructed the jury that creating a reasonable apprehension of serious bodily injury with the use a weapon was a felony?

Appellant argues that the District Court erroneously refused his proposed jury instructions regarding the requisite mental states for felony assault. In State v. Hall (1990), 244 Mont. 161, 172, 797 P.2d 183, 190, we said that if jury instructions, "reviewed as a whole, fully and fairly present the law to the jury, the jury has been properly instructed." Here, the District Court refused several of appellant's proposed jury instructions regarding a defendant's requisite mental state because they were either

6

confusing or commented on the evidence. In their place, the court offered the following jury instructions, in pertinent part, regarding proof of felony assault:

### INSTRUCTION NO. 5

A person commits the offense of felony assault if he purposely or knowingly causes reasonable apprehension of serious bodily injury in another by use of a weapon.

### INSTRUCTION NO. 6

To convict the defendant of felony assault, the State must prove the following elements:

1. That the defendant caused reasonable apprehension of serious bodily injury to [the victim] by the use of a weapon;

2. That the defendant acted purposely and knowingly.

If you find from your consideration of the evidence that all of these elements have been proved beyond a reasonable doubt, then you should find the defendant guilty.

These instructions fully and fairly state the requisite proof for felony assault. See, § 45-5-202(2), MCA. Thus, the court did not err when it refused appellant's instructions and so instructed the jury.

We affirm.

_____
Justice

7

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8

November 30, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Jennifer Bordy
BERRY & BORDY
2631 West Main Street
Bozeman, MT 59715

HON. JOSEPH P. MAZUREK, Attorney General
Kathy Seeley, Assistant
Justice Bldg.
Helena, MT 59620

Marty Lambert
Deputy County Attorney
Law & Justice Center
615 South 16th Ave.
Bozeman, MT 59715

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
       Deputy